IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC J. SCHOENBORN andCiv. No. 08-1419-AA
SUZANNE G. SCHOENBORN,OPINION AND ORDER

Plaintiff,

v.

STRYKER CORPORATION, and
STRYKER SALES CORPORATION,
Michigan corporations,

Defendants.

AIKEN, Chief Judge:

Plaintiffs filed suit alleging products liability and negligence after a medical device known as a "pain pump" was used to administer local anesthetics into plaintiff Eric Schoenborn's shoulder joint after arthroscopic surgery. Plaintiffs seek economic, non-economic, and punitive damages. Defendants Stryker Corporation and Stryker Sales Corporation (collectively Stryker) were the alleged manufacturer and distributer of the pain pump.

1- OPINION AND ORDER

Stryker moved for summary judgment on plaintiffs' claims, arguing that it did not know and could not have known of any risk associated with pain pump use in the joint space prior to Schoenborn's surgery, and therefore it had no duty to warn of such risk. Stryker also argued that plaintiffs could not prove that its alleged failure to warn of such risk caused Schoenborn's injuries, and that plaintiffs are not entitled to seek punitive damages. The motion was denied. Stryker now moves to certify the court's order denying summary judgment pursuant to 28 U.S.C. § 1292(b). This motion is likewise denied.

## DISCUSSION

Stryker contends that the court's order denying summary judgment is appropriate for interlocutory appeal. "A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is substantial ground for difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)).

Stryker identifies several "controlling questions of law" that it deems "outcome determinative," including: the court's treatment of a medical journal article and expert opinion that relies on it; the standard for determining the relevance of evidence regarding toxicity; the interpretation and application of Food and Drug

2   - OPINION AND ORDER

Administration regulations to the regulatory background of the accused pain pump device; the determination of whether opinion testimony is speculative; and finally, the determination of whether the evidence supports punitive damages. Stryker's Mem. in Supp. at 3. Stryker further argues that the denial of summary judgment is reviewed *de novo* as a matter of law and is proper for § 1292(b) certification.

I disagree. Essentially, Stryker argues that the journal article, the physician's testimony, and the regulatory background of its product do not and cannot establish that Stryker knew or should have known of the alleged risk associated with its pain pump device, and that the court erred in its application of law when reviewing this evidence. In other words, Stryker disagrees with the court's application of law to the facts of this case and the determination that questions of fact exist. However, "[i]f the Court were to accept [this] argument, any 'application of facts to the law' would then be subject to certification under Section 1292." Clanahan v. McFarland Unified Sch. Dist., 2007 WL 2428089, *2 (E.D. Cal. Aug. 22, 2007); see also Ahrenholz v. Bd. Trustees Univ. Ill., 219 F.3d 674, 676 (7th Cir. 2000)("Section 1292(b) was not intended to make denials of summary judgment routinely appealable.").

Even accepting Stryker's argument that each of the identified issues involves a "question of law" reviewed *de novo* on appeal, the

3   - OPINION AND ORDER

fact that a motion for summary judgment necessarily implies issues of law does not render the denial of summary judgment appropriate for interlocutory appeal. As aptly explained by the Seventh Circuit:

> Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right.

Ahrenholz, 219 F.3d at 676. Rather, a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." Id. Stated another way:

> The term "question of law" does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record."

McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (citations omitted; quoting Ahrenholz, 219 F.3d at 677). To review the court's order denying summary judgment, the Ninth Circuit would be required to delve into the numerous factual issues

4   - OPINION AND ORDER

raised in this case and determine whether the court correctly applied the relevant law in finding genuine issues of material fact. Such "rooting through the record" is not the purpose of interlocutory certification under § 1292(b).

Further, Stryker's strong disagreement with the court's ruling is insufficient to establish a substantial ground for difference of opinion. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Stryker identifies no "novel and difficult questions of first impression" presented by the denial of its motion for summary judgment. Reese, 643 F.3d at 688 (quoting Couch, 611 F.3d at 633). Rather, it simply disagrees with the court's application of the law to the facts and the conclusion that genuine issues of material fact preclude summary judgment in Stryker's favor. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." Couch, 611 F.3d at 633. For the same reason, the court's recognition of and disagreement with other district court opinions does not constitute a basis for interlocutory certification.

Stryker nonetheless maintains that the Ninth Circuit has adopted a "flexible" approach to interlocutory certification and does not interpret the "controlling question of law" requirement as a "pure" issue of law. See Reese, 643 F.3d at 688 n.5. I remain unconvinced. Even under a flexible approach, Stryker bears the burden of persuading the court "'that exceptional circumstances

justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). There may well be a non-final summary judgment order involving issues of law and fact that is appropriate for certification under § 1292(b); this order is not.

### CONCLUSION

Stryker's Motion to Certify (doc. 218) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of November, 2011.

_____
Ann Aiken
United States District Judge